UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRS OP's LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>DONALD E. PEARA and DOES 1-10, inclusive,<br><br>        Defendant. | No.  1:13-cv-01649 AWI-BAM<br><br>**ORDER REMANDING ACTION** |

Defendant Donald Peara ("Defendant"), proceeding pro se, removed this action from Merced County Superior Court on October 11, 2013. *See* Court's Docket Doc. No. 1.[1] The underlying complaint is an unlawful detainer action filed by Plaintiff TRS OP's LLC on September 13, 2012.  For the reasons stated below, the Court lacks subject matter jurisdiction over this unlawful detainer action, and therefore REMANDS this action to the Merced County Superior Court.

## **DISCUSSION**

### **Removal**

28 U.S.C. § 1441(a) empowers a defendant to remove an action to federal court if the district court has original jurisdiction. *Catepillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). The removal statute provides:

---

[1] On October 15, 2013, Defendant paid his $400.00 filing fee.

1

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

A removing party must file a notice of removal of a civil action within 30 days of receipt of a copy of the initial pleading. 28 U.S.C. § 1446(b). Removal statutes are strictly construed with doubts resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden to prove propriety of removal. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-685 (9th Cir. 2006); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). A district court may remand an action to state court for lack of subject matter jurisdiction or a defect in the removal procedure. 28 U.S.C. § 1447(c).

Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (federal question) or 28 U.S.C. 1332(a) (diversity).

### Federal Question Jurisdiction

Defendant alleges that removal is proper based on federal question jurisdiction. District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint." *Catepillar*, 482 U.S. at 392. To invoke federal question jurisdiction, a complaint must establish "either that (1) federal law creates the cause of action or that (2) plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008).

Defendant argues that removal is proper because he has challenged the complaint by alleging that the Notice to Occupants to Vacate Premises failed to comply with the Protecting

Tenants at Foreclosure Act, 12 U.S.C. § 5220.[2] However, any purported federal law defense or counterclaim is insufficient to confer jurisdiction over Plaintiff's unlawful detainer action. *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."). Thus, Defendant fails to invoke federal question jurisdiction despite his papers' reference to federal statutes.

Further, the complaint indicates that the only cause of action is one for unlawful detainer, which arises under state law and not under federal law. An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law. *See Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. 2011) ("Unlawful detainer actions are strictly the province of state court"); *Deutsche Bank Nat'l Trust Co. v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at * 2 (C.D. Cal. 2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law"). An unlawful detainer plaintiff is entitled to judgment after establishing that the property at issue sold in compliance with California Civil Code section 2924 and that the requisite three-day notice to quit was served on defendant as required by California Code of Civil Procedure section 1161. *See Litton Loan Servicing, L.P. v. Villegas*, U.S. Dist. LEXIS 8018, at *5 (N.D. Cal. 2011) (citing *Evans v. Superior Court*, 67 Cal.App.3d 162, 168 (1977). Accordingly, Defendant has failed to show that removal is proper based on a federal question.

### Diversity Jurisdiction

Alternatively, a Federal court may assert original jurisdiction over civil actions where the matter in controversy exceeds $75,000 in value, exclusive of interest and costs, and is between citizens of different States, pursuant to the "diversity" statute, 28 U.S.C. § 1331, 28 U.S.C. § 1332(a) establishes diversity of citizenship jurisdiction and provides in pertinent part:

---

[2] Defendant cites this statutory provision as "The Protecting Tenants at Foreclosure Act of 2009." In relevant part, 12 U.S.C. § 5220 is part of the Emergency Economic Stabilization Act and, more specifically, a subchapter entitled "Troubled Assets Relief Program." Additionally, while the court makes no determination on the issue, it is noted that federal district courts have held that the Protecting Tenants at Foreclosure Act does not create a federal private right of action. *See, e.g., Deutsche Bank Nat'l Trust Co. v. Jora*, 2010 U.S. Dist. LEXIS 105453, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010).

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between –

(1) citizens of different States . . .

To invoke diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000.  28 U.S.C. § 1332(a).  In an unlawful detainer action, "the right to possession alone [is] involved—not title to the property." *Litton*, 2011 U.S. Dist. LEXIS 8081, at *6-7.  A defendant "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403 (9th Cir. 1996).

Here, Plaintiff does not claim damages in excess of the jurisdictional amount.  The Complaint for Unlawful Detainer states that the amount of damages claimed in the action does not exceed $10,000.00, and the relief requested is limited to restitution of the property, damages of $200.00 per day from September 4, 2013, for each day Defendant continues in possession of the property and costs of suit. Doc. 1, p. 10, ¶ 10.

As Plaintiff does not claim damages in excess of $75,000, Defendant has the burden of showing that more than $75,000 is in controversy.  Defendant does not allege that the unlawful detainer complaint seeks anywhere near $75,000.  Thus, the amount in controversy fails to establish diversity jurisdiction.

**CONCLUSION AND ORDER**

For the reasons discussed above, Defendant has failed to show that removal is proper and therefore this Court lacks subject matter jurisdiction.  Accordingly, this Court:

1.    REMANDS to the Merced County Superior Court this and any other unlawful detainer action which Defendant attempts to remove to this Court; and

2.    DIRECTS the Clerk to take necessary action to remand this unlawful detainer action to the Merced County Superior Court.

IT IS SO ORDERED.

Dated:   **October 22, 2013**                    /s/ *Barbara A. McAuliffe*
                                                                UNITED STATES MAGISTRATE JUDGE